**UNITED STATES of America,**
**Appellee,**

v.

**Julio Jose SALAZAR, Defendant–Appellant.**

**Docket No. 03–1664.**

United States Court of Appeals,
Second Circuit.

June 23, 2004.

209

Larry H. Krantz, New York, N.Y. (on submission), for Appellant.

Lisa A. Baroni and Gary Stein, Assistant United States Attorneys, for David N. Kelley, United States Attorney for the Southern District of New York (on submission), for Appellee.

PRESENT: LEVAL, B.D. PARKER, Circuit Judges. and IRENAS,[1] District Judge.

1. The Honorable Joseph E. Irenas, United States District Judge for the District of New Jersey, sitting by designation.

## SUMMARY ORDER

Defendant–Appellant Julio Jose Salazar appeals from a judgment of the United States District Court for the Southern District of New York (Leonard B. Sand, *J.*) convicting him, following a jury trial, of possessing with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 812, 841(a), and 841(b)(1)(A). He was sentenced principally to 121 months' imprisonment. Familiarity with the factual and procedural history of this case is assumed.

On appeal, Salazar argues that the District Court erroneously found that he did not qualify for a minor role adjustment pursuant to U.S.S.G. § 3B1.2.

We review for clear error a sentencing court's finding that a defendant did not play a minor role in an offense. *United States v. Brunshtein,* 344 F.3d 91, 102 (2d Cir.2003); *United States v. Castano,* 234 F.3d 111, 113 (2d Cir.2000). We find no such error with the District Court's determination that Salazar was not a minor participant. Salazar transported narcotics or narcotics proceeds between Nicaragua and the United States on ten separate occasions over a sixteen-month period. *See United States v. Shonubi,* 998 F.2d 84 (2d Cir.1993) (holding that a courier who "regularly engaged in drug smuggling" by taking eight trips to Nigeria over a fifteen-month period was properly denied a minor role reduction). In addition to handling large quantities of heroin and money without supervision, he provided services to more than one drug organization. Further, Salazar's contention that he was nothing more than an unsophisticated mule is undercut by evidence showing that he had served as a Nicaraguan police officer who

once worked on narcotics cases for a Nicaraguan military general.

On these facts, the District Court did not clearly err in finding that Salazar was not "substantially less culpable than the average participant," U.S.S.G. § 3B1.2, comment n. 3(A), and we conclude that the court properly denied him a minor role adjustment.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.